IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **TIMOTHY SHERROD,**<br><br>  **Plaintiff,**<br><br> vs.<br><br>**GEORGIA ENVIRONMENTAL LANDSCAPE & MAINTENANCE, INC.,** and **TYRONE KING,**<br><br>  **Defendants.** | Civil Action No. _____ |

## COMPLAINT

Plaintiff Timothy Sherrod, by and through his attorneys, herein asserts claims against Defendants Georgia Environmental Landscape & Maintenance, Inc. and Tyrone King, showing the Court as follows:

### Introduction

1.

In this Fair Labor Standards Act action, 29 U.S.C. 201 *et seq.*, Plaintiff Timothy Sherrod seeks to recover unpaid overtime wages, liquidated damages, and costs of litigation from his former employers.

## Jurisdiction and Venue

2.

The jurisdiction of this Court of Plaintiff's claim under the Fair Labor Standards Act is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.

This Court has supplemental jurisdiction over Plaintiff's claims which arise under the laws of the State of Georgia pursuant to 28 U.S.C. § 1367(a), as these claims are so related to the claims upon which the Court's original jurisdiction is invoked that they form part of the same case or controversy under the U.S. Constitution.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## Parties

5.

Plaintiff Timothy Sherrod (hereinafter "Sherrod") is a natural person and former employee of Defendants, having been employed from approximately February 2014 through February 2017 (hereinafter "the Relevant Time Period").

6.

Defendant Georgia Environmental Landscape & Maintenance, Inc. (hereinafter "GELM") is a domestic corporation existing under the laws of the State of Georgia. GELM may be served with process via service on its registered agent for service, Tyrone King, located at 1444 Keys Ferry Road, McDonough, Georgia 30252.

7.

Defendant GELM is subject to the personal jurisdiction of this Court.

8.

Defendant Tyrone King (hereinafter "King") is an natural person who resides in the State of Georgia. King is the owner, CEO, CFO, and Secretary of GELM. King may be served with process at his residence in McDonough, Henry County, Georgia.

9.

Defendant King is subject to the personal jurisdiction of this Court.

**Factual Allegations**

10.

GELM is a company that provides landscaping services to both commercial and residential clients throughout North Georgia.

11.

At all times during the Relevant Time Period, GELM was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

12.

In 2014, GELM had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

13.

In 2014, GELM had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

14.

At all times during the Relevant Time Period, Sherrod was employed by GELM as a landscaping crew worker throughout the Metro Atlanta area.

15.

At all times during the Relevant Time Period, GELM was an "employer" of Sherrod as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

16.

At all times during the Relevant Time Period, King was a corporate officer of GELM.

17.

At all times during the Relevant Time Period, King was the sole owner of GELM.

18.

At all times during the Relevant Time Period, King was involved in the day-to-day operation of GELM.

19.

At all times during the Relevant Time Period, King made decisions regarding the hiring and firing of GELM lawn crew workers.

20.

At all times during the Relevant Time Period, King had authority over the terms of Sherrod's employment, including his compensation.

21.

At all times during the Relevant Time Period, King was an "employer" of Sherrod as defined in 29 U.S.C. § 203(d).

22.

At all times during the Relevant Time Period, Sherrod's primary duty was the performance of non-exempt duties.

23.

At all times during the Relevant Time Period, Sherrod's primary duty was the performance of the manual labor of lawn care and maintenance for GELM's residential and commercial customers.

24.

At all times during the Relevant Time Period, Sherrod was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

25.

At all times during the Relevant Time Period, Sherrod was not employed in a bona fide professional capacity within the meaning of 29 USC § 213(a).

26.

At all times during the Relevant Time Period, Sherrod was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213(a).

27.

At all times during the Relevant Time Period, Sherrod was not employed in a bona fide executive capacity within the meaning of 29 USC § 213(a).

28.

At all times during the Relevant Time Period, Sherrod was not exempt from any of the overtime wage requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 207 or 213.

29.

At all times during the Relevant Time Period, the Fair Labor Standards Act required Defendants to compensate Sherrod at time and one half of his regular rate for all hours worked in excess of forty (40) in any given workweek.

30.

At all times during the Relevant Time Period, Defendants knew or should have known that Sherrod was not exempt from the overtime pay requirements of the FLSA.

31.

Throughout the Relevant Time Period, Defendants frequently failed to compensate Sherrod at the legally required rate of time and one half of his regular rate for all hours worked in excess of 40 hours per week.

32.

Throughout the Relevant Time Period, Plaintiff regularly worked for Defendants 5 to 6 days per week on average.

33.

Throughout the Relevant Time Period, during the late spring, summer, and early fall, Plaintiff was almost always scheduled to work more than 40 hours per week.

34.

Throughout Relevant Time Period, Plaintiff began his workdays by arriving at the GELM offices, performing minor servicing of lawn equipment, loading lawn equipment and supplies onto a truck, receiving his assignments for the day, then leaving in a GELM truck to the first worksite with other lawn crew members.

35.

Throughout the Relevant Time Period, Defendants did not compensate Plaintiff for any work performed for Defendants prior to his leaving the GELM offices for the first worksite.

36.

Throughout the Relevant Time Period, Defendants scheduled Plaintiff to have a thirty-minute unpaid lunch break each day.

37.

Throughout the Relevant Time Period, Plaintiff was often unable to take a lunch break due to the volume of work required to be performed.

38.

Throughout the Relevant Time Period, Defendants only sporadically compensated Plaintiff for work performed during the scheduled lunch periods, even though the entire time worked had been reported to Defendants.

39.

Throughout the Relevant Time Period, Defendants stopped compensating Plaintiff after the final job of the day was finished.

40.

Throughout the Relevant Time Period, after the final job of the day was complete, Plaintiff was required to travel back to the GELM offices in the GELM truck and then unload lawn equipment from the truck.

41.

Throughout the Relevant Time Period, Plaintiff's scheduled work hours were 40 hours per week or greater, so that all unpaid travel time, working lunch time, loading time, and unloading time in those weeks necessarily resulted in FLSA overtime violations.

42.

Throughout the Relevant Time Period, for weeks in which Plaintiff was scheduled to work less than 40 hours per week, a portion of the uncompensated work time often resulted in FLSA overtime violations.

43.

Upon information and belief, in failing or refusing to pay Plaintiff overtime wages as required by the FLSA, Defendants have not relied on any letter ruling from the Department of Labor indicating that Plaintiff, as a lawn care and maintenance worker was subject to any exemption from the overtime pay provisions of the FLSA.

44.

Upon information and belief, in failing or refusing to pay Plaintiff overtime wages as required by the FLSA, Defendants have not relied on any legal advice indicating that Plaintiff, as a lawn care and maintenance worker, was subject to any exemption from the overtime pay provisions of the FLSA.

## COUNT ONE – FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF 29 U.S.C. §§ 207 AND 215

45.

The foregoing paragraphs are incorporated herein by this reference.

46.

Throughout his employment by Defendants, Sherrod regularly worked in excess of forty (40) hours per week.

47.

Defendants were legally required to pay Sherrod at the rate of one-and-one-half times his regular rate for all hours worked in excess of forty (40) in each workweek.

48.

Defendants failed to timely compensate Sherrod at the legally required overtime rate for all work hours over forty (40) in each workweek.

49.

Defendants' failure to compensate Sherrod at the overtime rate of one-and-one-half times his regular hourly rate for all hours actually worked over forty (40) hours per week is a violation of §§ 207 and 215 of the Fair Labor Standards Act of 1938, as amended.

50.

Sherrod is entitled to receive his unpaid overtime wages, liquidated damages in an amount equal to his actual damages, prejudgment interest to the extent that liquidated damages are not awarded, nominal damages, and reasonable attorney's fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiff requests that this Court:

(a)  Take jurisdiction of this matter;

(b)  Issue an Order holding each of the Defendants to be Plaintiff's "employer" as that term is defined under the FLSA;

(c)  Grant a trial by jury as to all matters properly triable to a jury;

(d)  Issue a judgment declaring that Plaintiff was covered by the overtime provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(e)  Award Plaintiff proper payment for each overtime hour worked during the relevant time period, and liquidated damages equaling 100% of the unpaid and/or untimely paid overtime wages due to Plaintiff, as required by the FLSA;

(f)  Award Plaintiff prejudgment interest on all amounts owed, to the extent that liquidated damages are not awarded;

(g) Award Plaintiff nominal damages; and

(h) Award any and such other further relief this Court deems just, equitable and proper.

This 7th day of June 2017.

    Respectfully submitted,

**DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC**

*/s/ Mitchell D. Benjamin*
Mitchell D. Benjamin
Ga. Bar No. 049888

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(404) 979-3150
(404) 979-3170 (f)
benjamin@dcbflegal.com
matthew.herrington@dcbflegal.com

*/s/ Matthew W. Herrington*
Matthew W. Herrington
Ga. Bar No. 275411

**Counsel for Plaintiff**